**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JASON FORTINI,**

        **Plaintiff,**

v.                                                  Case No:  6:19-cv-00465-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

**MEMORANDUM OF DECISION**

Jason Fortini ("Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits. Doc. 1. Claimant argues that the Administrative Law Judge ("ALJ") erred by failing to apply the correct legal standard to: (1) the opinions of Jennifer A. Coady, M.D.; Joseph M. Jelinek, Psy.D.; and Jeremy McKelvey, Pharm. D.; and (2) the Department of Veteran Affairs' ("VA") determination of disability. Doc. 22 at 9-24. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED.**

    **I.**    **The ALJ's Decision**

On March 26, 2015, Claimant filed an application for disability insurance benefits, alleging a disability onset date of August 3, 2011 ("alleged onset date"). R. 57, 150-153. Claimant's application was denied initially and upon reconsideration. R. 72-74, 78-82. On December 15, 2015, Claimant filed a request for a hearing (R. 83-84), which was held by the ALJ on February 1, 2018. R. 31-51, 83-84. On March 6, 2018, the ALJ issued a decision. R. 12-24. In the decision, the ALJ found that Claimant had the following severe impairments through December 31, 2013

1

("the DLI"): chronic back pain, history of traumatic brain injury, posttraumatic stress disorder ("PTSD"), depression, impulse control disorder, and substance abuse disorder. R. 17.

The ALJ found that Claimant had a residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b) with some additional limitations[1]. R. 19. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could never climb ladders, ropes, or scaffolds. He was able to occasionally climb ramps or stairs, and occasionally balance, stoop, kneel, crouch, and crawl. He was able to have no exposure to very loud noise, excessive vibration, unprotected heights, or hazardous machinery. He was limited to simple, routine tasks. He was able to work only in a low stress job, defined as having only occasional decision making and only occasional changes in work setting. He could not work with a production quota, meaning no strict production standard and no rigid production pace. He was able to have only occasional interaction with the general public and coworkers, so long as the contact was brief and superficial in nature.

R. 19. The ALJ posed a hypothetical question to the vocational expert ("VE") related to the foregoing RFC determination, and the VE testified that Claimant was capable of performing several occupations in the national economy, such as merchandise marker, mail clerk, or routing clerk. R. at 48-49. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the DLI. R 24.

Claimant requested review of the hearing decision (R. 149) and, on January 10, 2019, the Appeals Council denied Claimant's request. R. 1-6. On March 11, 2019, Claimant filed a

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

complaint requesting that the Court reverse the decision of the Commissioner and remand the case for an award of benefits, or, in the alternative, remand the case for a rehearing *de novo.* Doc 1.

## II. Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**III.     Discussion**

Claimant argues that the ALJ improperly weighed: (1) the opinions of Dr. Coady, Dr. Jelinek, and Dr. McKelvey; and (2) the VA's determination of Claimant's disability.  Doc. 22 at 9-24.  The ALJ's consideration of the opinion of Dr. Jelinek is dispositive of this appeal. [2]

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238.  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R §§ 404.1546(c); 416.946(c).  In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources.    20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that: "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'"  *Id.* at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original).  "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  *Id.* at 1179

---

[2] The Court notes that during the pendency of this matter—and following the parties' submission of the Joint Brief—the Eleventh Circuit decided *Noble v. Comm'r of Soc. Sec.*, No. 18-13817, 2020 WL 3525540, at *9 (11th Cir. June 30, 2020), which provided the Court with significant, binding precedent on an ALJ's consideration of a VA disability rating.  This decision should also provide guidance to the ALJ on remand and to the parties.

4

(citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Id.* (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The weighing of treating, examining, and non-examining physicians' opinion is an integral part of steps four and five of the sequential evaluation process.  The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physicians' specialization.  20 C.F.R. §§ 404.1527(c); 416.927(c).

Here, Claimant argues that the ALJ committed reversible error because he failed to specify the amount of weight given to the opinion of Dr. Jelinek, an examining physician.  Doc. 22 at 16-18.  In response, the Commissioner argues that: (1) Dr. Jelinek's opinion is not a medical opinion and, thus, did not require weighing; (2) the ALJ owed no deference to the opinion of a physician who conducted a single examination, as such a physician is not a treating physician; and (3) even if this were an error, the error was harmless because Dr. Jelinek's opinion is not inconsistent with the RFC.  Doc. at 18-20.

In making the RFC determination, the ALJ included a lengthy description of Claimant's medical record.  R. 20-22.  However, the ALJ neither mentioned, nor cited to, Dr. Jelinek's opinion.  R. 12-24.

To the extent the Commissioner argues that Dr. Jelinek's opinion is not a medical opinion, the Commissioner makes that argument in a conclusory manner and provides no persuasive

5

argument or authority in support of its position. Furthermore, the Commissioner's argument that the opinion is not a medical opinion because the opinion consists of pre-drafted statements is unpersuasive. Doc. 22 at 19. As previously discussed, "[m]edical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what the [claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel*, 631 F.3d 1176 at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)). Doc 22 at 19. Dr. Jelinek's opinion meets this definition. On December 1, 2011, Dr. Jelinek opined, among several other things, that Claimant had PTSD. R. 743-747, 904-908. He also concluded that Claimant had "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks . . ." and that "[t]he PTSD symptoms described above cause clinically significant distress or impairment in social, occupational, or other important areas of functioning." R. 744, 907. Regardless of whether the opinion is a pre-drafted statement available for selection by Dr. Jelinek, it relates to the "nature and severity of a claimant's impairment(s)," and, thus, is a medical opinion that requires weighing.[3] *Winschel*, 631 F.3d 1176 at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)).

Next, the Commissioner argues that the ALJ owed no deference to the opinion of Dr. Jelinek because he was a consultative examiner and only examined Claimant one time. Doc. 22

---

[3] The Court notes that if the ALJ wanted to discount the opinion because it consisted of pre-drafted statements, the ALJ was still required to weigh the opinion and articulate that as the basis for its rejection. *See Wright v. Soc. Sec. Admin., Comm'r*, No. 4:18-cv-00934-HNJ, 2020 WL 868499, at *5 (N.D. Ala. Jan. 13, 2020), *report and recommendation adopted*, No. 4:18-CV-0934-ACA, 2020 WL 1316908 (N.D. Ala. Mar. 20, 2020) (holding that an ALJ assigning little weight to a physician's pre-drafted opinion did not constitute reversible error when the ALJ *clearly* and *thoroughly* articulated her reasons for assigning that weight) (emphasis added).

at 18. Unlike a treating physician's opinion,[4] an examining physician's opinion is generally not entitled to any deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *see also Preston v. Astrue*, No. 2:09–cv–0485–SRW, 2010 WL 2465530, at *6 (M.D. Ala. June 15, 2010) ("The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than nontreating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists."). However, the ALJ must still weigh such an opinion and state, with particularity, the weight given and the reasons therefor. *See* 20 C.F.R § 404.1545(a)(1), (3); *Winschel*, 631 F.3d at 1179. Here, the ALJ failed to mention, let alone specify the weight given to, the opinion of Dr. Jelinek. R. 12-24. In other words, there is no mention of "weight" at all and, thus, no explanation as to why a particular weight was assigned to the opinion of the examining physician at issue here. As follows, the ALJ failed to build the requisite "accurate and logical bridge from the evidence to his conclusion." *Flentroy-Tennant v. Astrue*, No. 307-cv-101-J-TEM, 2008 WL 876961, *8 (M.D. Fla. Mar. 27, 2008). Without any reasoning for rejecting Dr. Jelinek's opinion, the Court would be forced to reweigh the evidence itself, and therefore cannot determine whether the ALJ's decision is based on substantial evidence. *See, e.g.*, *Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010). Since the Court may not affirm merely because *some* rationale could support the ALJ's decision, the Court is unable to conduct a proper review. *Id.*

Finally, the Court also considered whether the ALJ's failure to assign weight to the opinion of Dr. Jelinek is a harmless error. The Commissioner acknowledges that the ALJ failed to mention

---

[4] A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).

Dr. Jelinek's opinion but characterizes any error here as harmless because the opinion at issue is incorporated into the RFC. Doc. 22 at 20. However, even if that were the ALJ's only error, a Circuit panel recently reversed a similar finding of harmlessness by this Court. In *Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020), the claimant argued that the ALJ committed reversible error by failing to mention or assign weight to a physician's handwritten note. *Id.* The panel found that "where the ALJ made no mention of the physician's opinion" and "failed to specify the weight given to that opinion, [the court] cannot 'determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* Notably, the court acknowledged that the physician's "note was duplicative information already considered expressly by the ALJ." *Id.* Ultimately, the court held that even if the ALJ assigns no weight to a physician's opinion, the ALJ must specify the weight and the failure to do so constitutes reversible error. *Id.* (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). As in *Bailey*, the ALJ's failure to mention or assign weight to Dr. Jelinek's opinion is reversible error even if the opinion is duplicative of the information already incorporated into the RFC. *Id.* Thus, the Court finds that the failure to mention, or specify the weight assigned to, the opinion is not harmless and requires reversal.

Given the foregoing, the Court finds that the ALJ's failure to weigh Dr. Jelinek's opinion precludes proper review. Since this issue is dispositive, there is no need for the Court to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED**; and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner and close the case.

**ORDERED** in Orlando, Florida on July 9, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE